Claims against the United States; judgment lien on property; quitclaim deed including right of reversion; enforcement of lien against property currently belonging to United States. — On February 1, 1980 the court entered the following order:
Before Friedman, Chief Judge, Nichols and Smith, Judges.
This case has come before the court on defendant’s motion for summary judgment. Plaintiff, a construction company, is suing to recover the amount of a judgment lien for labor and materials that it holds against Multi-Culture Institute (MCI), a corporation which held property by conveyance from the United States. Plaintiff is seeking to recover from the United States the amount of the judgment lien that was attached to the real property. The Government contends that the judgment lien is invalid since this property belongs to the United States.
The real property in question was conveyed by the United States to MCI by a quitclaim deed. This deed had restrictions, according to the Government, that vested title in MCI provided MCI used the premises for educational purposes for a fixed period of 30 years. Almost immediately after the commencement of the MCI programs, the Department of Health, Education, and Welfare (HEW) was *608 notified by MCI that it was dissolving the corporation and was proceeding to bankruptcy court.
Plaintiff, who performed substantial work for MCI in order that the premises would comply with state building and safety standards, filed suit in a California state court for the unpaid balance due it. On September 27, 1976, judgment was entered against MCI by the state court. Since MCI failed to use the property in accordance with the terms of the quitclaim deed, the Government exercised its right of reversion and title again was vested in the United States. Defendant contends that plaintiffs lien on the real property is valid only against the bankrupt MCI. After careful consideration of the parties’ submissions, we find that this case is not ripe for summary judgment, and defendant’s motion is denied.
The facts in this case are not clear. It is alleged by the Government that plaintiff sued MCI too late in the state court to recover from the United States for the unpaid balance of the money owed it for its work on the property in question. Therefore, the Government argues that since plaintiff did not sue until after defendant exercised its right of reverter in the property, plaintiff can only collect on its judgment against MCI and the lien is unenforceable against the United States.
Plaintiff, on the other hand, contends that it did not sue MCI after the United States exercised its right of reverter. On the contrary, plaintiff contends that it filed suit in the Superior Court of the State of California on June 12, 1975, that judgment was entered against MCI on September 27, 1976, and that an abstract of the judgment was recorded on October 12, 1976. The notice of exercise of the right of reverter was recorded by the Government on August 23, 1977. The facts, therefore, are in dispute.
One further example again demonstrates that the facts are less than adequate for purposes of summary judgment. Defendant asserts that, regardless of other considerations, plaintiff was on legal notice of the restrictions imposed on MCI’s title by means of the recorded quitclaim deed, and consequently plaintiff should have taken further precautions to guarantee its payment for the work done on the real property. Defendant points to the deed which does prohibit MCI from encumbering the property without the *609 written consent of HEW. Therefore, since plaintiff did not take steps to contact HEW regarding the construction it was to do on this property, it cannot assert its lien against the United States.
Plaintiff disagrees, stating that prior to the recordation of the quitclaim deed, plaintiff had already contracted to do the work for MCI. Further, plaintiff alleges that its laborers were on the worksite as of August 20, 1974, city demolition and building permits had been obtained, and work had begun. Therefore, plaintiff was not on legal notice until the September 18, 1974, recordation of defendant’s quitclaim deed.
Plaintiff also alleges that defendant (HEW) tacitly and explicitly approved the work that plaintiff did prior to the commencement of educational activities by MCI. From the various attachments submitted by defendant, it is clear at least that the Government knew of the construction, and in fact repairs to the buildings were a prerequisite to HEW’s approval of MCI’s application for the transfer of the real property.
Another problem exists over defendant’s right to reversion. The fact that defendant exercised whatever right it had does not automatically determine the extent and breadth of the Government’s "reversionary interest.” The quitclaim deed stated that the right to reversion would be "at the option of the GRANTOR.” Considering that MCI was intended to become the absolute owner of the land after the prerequisite 30-year period, and that title would not automatically revert to the United States upon any breach by MCI, the extent and effect of defendant’s "reversionary interest”[1] is not as clear as the Government might suppose. The assumption that defendant has a property right here also assumes that it is possible to have a quitclaim deed that reserves rights in the grantor.
The dates and timing of events undertaken by both parties might ultimately decide the case, but as of now it would be mere speculation, on the facts presented to us, for this court to rule on this case on the basis of summary judgment. Was the quitclaim deed recorded before plaintiff entered into its contract with MCI? Did plaintiff attach the *610 land prior to the Government’s exercise of its right of reversion? Without investigating further, it is evident from the postures of the parties, that the facts have not been fully developed.
it is therefore ordered, upon consideration of the parties’ submissions and other papers, but without oral argument, that defendant’s motion for summary judgment is denied and the case is remanded to the trial division for further proceedings.

 Or perhaps "possibility of reverter” or "right of entry.”